# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 22-0386V

| | |
|---|---|
| BRIDGETTE MELVIN,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Chief Special Master Corcoran<br><br>Filed: August 17, 2023 |

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.

*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On April 4, 2022, Bridgette Melvin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on September 17, 2020. Petition, ECF No. 1. On June 1, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 29.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $30,486.96 (representing $28,705.90 for attorney's fees and $1,781.06 for costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed July 5, 2023, ECF No. 34. In accordance with General Order No. 9, Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 34-3.

Respondent reacted to the motion on July 5, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 35. Petitioner did not file a reply thereafter.

Having considered the requested hourly rate increase and following review of the billing records submitted with Petitioner's requests, I find reductions in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorneys Michael McLaren, William Cochran, and paralegals at the following rates:

|  | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|
| Michael McLaren | X | X | X | $484 | X | X |
| William Cochran | X | X | X | $420 | $435 | $457 |
| Paralegals |  | X | X | $161 | $167 | $175 |

The requested rates for time billed by Mr. McLaren, Mr. Cochran, and paralegals between 2021-22 are reasonable and consistent with prior determinations and will therefore be adopted herein. ECF No. 34 at 8.

For time billed in 2023, however, Mr. Cochran and paralegals have previously been awarded the lesser rates of $450 and $172, respectively. *See Gibson v. Sec'y of Health & Hum. Servs.,* No. 20-0243V (Fed. Cl. Spec. Mstr. May 8, 2023). Petitioner has provided no rationale for these requested mid-year increases, and the previously awarded rates are within the appropriate range for Mr. Cochran's and the paralegals' levels of experience. *See* 2023 Attorneys' Forum Hourly Rate Fee Schedule, at http://www.uscfc.uscourts.gov/node/2914 (last visited Aug. 15, 2023). I will not deviate from such reasoned prior determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). This results in a reduction of attorney's fees to be awarded of **$152.50**[3] (with no adjustments made to the time billed to the matter otherwise).

Petitioner has provided supporting documentation for all claimed costs (attachment to motion at 20-39), and Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for

---

[3] This amount is calculated as follows: ($457 - $450 = $7 x 19.30 hrs. = $135.10) + ($175 - $172 = $3 x 5.80 hrs. = $17.40) = $152.50.

3

attorney's fees and costs. I award a total of **$30,334.46 (representing $28,553.40 for attorney's fees and $1,781.06 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, William E. Cochran, Jr.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.